Leon Katzen, Esq. Informal Opinion No. 99-44 Lacy, Katzen, Ryen Mittleman, LLP Attorneys for the Village of Bergen The Granite Building 130 East Main Street Rochester, New York 14604-1686
Dear Mr. Katzen:
You have advised us that the Village of Bergen (the "Village"), pursuant to article 14-A of the General Municipal Law, desires to condemn property located in the Town of Sweden, Monroe County (the "Town"), for the purpose of constructing electric utility services. You have inquired whether the village must seek permission from the town, pursuant to Village Law § 4-412(3)(1), prior to condemning property located in the town. We conclude that Village Law § 4-412(3)(1) does not apply in these circumstances. The governing procedures are those set forth in article 14-A of the General Municipal Law and the Eminent Domain Procedure Law.
Preliminarily we note that, because you have advised us that the project the village contemplates is not a "major utility transmission facility" within the meaning of Public Service Law § 120(2), it is not subject to the provisions of article VII of the Public Service Law relating to the siting of major utility transmission facilities.
Article 14-A of the General Municipal Law (General Municipal Law §§360, et seq.) authorizes municipal corporations to establish, own and operate certain public utility services and sets forth certain procedures that must be followed in connection therewith. It specifically authorizes the extraterritorial acquisition of land for public utility service and does not subject such acquisition to approval of the governing body of the minicipality in which the property is located. Section 360(2) authorizes any municipal corporation to "construct, lease, purchase, own, acquire, use and/or operate any public utility service within or without its territorial limits" for the purpose of furnishing public utility services. Section 360(6) implements this grant of authority by providing that a municipality may for such purpose acquire land or the public utility service of any public utility within or without its territorial limits by purchase or by condemnation in the manner provided by law for condemnation of private property for a public use. Section 360(6) further provides that a municipal corporation, by purchase or condemnation, has power to acquire land to construct transmission lines or acquire existing lines connecting it with any source of electric power. Thus, section 360(6) provides the authority for extraterritorial condemnation of property for construction of transmission lines as required by article IX, section 1(e) of the Constitution of the State of New York. See also, 1969 Op Atty Gen (Inf) 74. It also authorizes extraterritorial purchase of land.
Village Law § 4-412(3)(1) does not limit those provisions. Section 4-412(3)(1) provides generally that a village board of trustees may acquire property within or without the village to construct drains or culverts to prevent damage from floods. Although section 4-412(3)(1) authorizes acquisition of such property by purchase or in the manner provided for by the Condemnation Law (now the Eminent Domain Procedure Law), it conditions any such acquisition outside the corporate limits of the village on the consent of the governing board or body of the city, town or village in which the property is situated. This section, however, including its consent requirement, plainly applies only to the acquisition of property for the purpose of constructing drains or culverts.
Instead, the applicable procedure for acquisition and condemnation is set forth in Article 14-A and the Eminent Domain Procedure Law. General Municipal Law § 363 provides that the "acquisition . . . of such public utility service shall, in so far as is practicable, be effected by such municipal corporation in the same manner . . . as other authorized public improvements are effected for and by such corporation." Section 101 of the Eminent Domain Procedure Law provides that its purpose is "to provide the exclusive procedure by which property shall be acquired by exercise of the power of eminent domain" in New York State.
Accordingly, we conclude that a village seeking to acquire property in a town for purposes of constructing public utility services under article 14-A of the General Municipal Law must use the procedures set forth in the Eminent Domain Procedure Law. The procedures set forth in section4-412(3)(1) of the village Law do not apply. Therefore, approval of the governing body of the town is not required.
The Attorney General renders formal opinions only to officers and departments of the State government. This perforce is an informal and unofficial expression of the views of this office.
Very truly yours,
WILLIAM E. STORRS, Assistant Solicitor General